Calvert et al., Appellants, v. Dimon et al., Appellees.

1. Partnership—Notice.
Notice to one partner is notice to all.
2. Same.
A firm purchasing a promissory note from one of its members, who procured it by fraud, must be held to have had knowledge of its fraudulent character.

*Appeal from the District Court of Arapahoe County.*

Action upon a promissory note. Judgment for plaintiffs. Defendants appeal.

Messrs. NORRIS & HOWARD, for appellants.

Mr. BYRON MILLETT, for appellees.

CHIEF JUSTICE HAYT delivered the opinion of the court.

Appellees, Charles L. Dimon, Jr., John Z. Adams and David P. Johnston, copartners, as plaintiffs below, instituted this suit against appellants upon a certain promissory note.

In this complaint the copartnership of plaintiffs under the name and style of The Dimon & Johnston Manufacturing Company is alleged; *second*, that on the 16th day of November, 1877, at Denver, Colorado, the defendants made their promissory note in writing, thereby promising to pay to the order of D. P. Johnston $500 on or before one year after date, with interest at the rate of six per cent per annum; *third*, that said note was duly indorsed by the payee named therein to these plaintiffs.

The defendants answering the complaint admit the execution and delivery of the note, but deny on information and belief that the same had been transferred to plaintiffs. The answer further alleges that said note was obtained by the payee by fraud, and without any consideration. The facts relied upon to show fraud are set forth in detail. These allegations are denied in the replication.

At the trial it was admitted that the payee is a member of the plaintiff firm. Upon the defendants offering evidence to establish the allegations of fraud set up in their answer, the plaintiff interposed the objection that, the note having been transferred to the firm before maturity, such evidence was inadmissible to establish this defense, unless knowledge of the fraud was brought home to the firm before such transfer. The objection was sustained. This ruling of the district court is the basis of the only error relied upon in this court.

It is a well settled principle of commercial law that notice to one partner is notice to all. If, therefore, plaintiffs had procured the note from a third party with notice to one of the

partners of its fraudulent character, this would have been notice to all. Having purchased the note from a member of the firm, charged with procuring it by fraud, the ordinary rule must apply, and the firm must be held to have had knowledge of its fraudulent character. If the note was originally procured by fraud as alleged and in the light of the defendants' offer of proof, we must now assume the fact as established, then his failure to inform his copartners of the facts was a gross fraud on his part. The firm of which he is a member is, however, in no better position to maintain this action than Johnston would be if suing as the sole plaintiff. Bates' Law of Partnership, vol. 1, § 393 ; *Stockdale v. Keyes Brothers*, 79 Pa. St. 251 ; *Quinn v. Fuller*, 7 Cushing, 224 ; *Herbert v. Odlin*, 40 N. H. 267 ; *Astley v. Johnson*, 5 Hurlstone & Norman's Reports, 136 ; *Sparrow v. Chisman*, 17 Eng. Common Law Reports, 115.

The objection interposed to the evidence should have been overruled and the evidence admitted. For error in this regard the judgment of the district court must be reversed.

*Reversed.*